UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL DAVID KAUFMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC FORENSIC PSYCHOLOGY ASSOCIATES, INC., et al.,<br><br>　　　　Defendants. | Case No. 22-cv-05043-JSW<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE** |

## INTRODUCTION

Plaintiff, a California parolee proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983. The operative complaint is the amended complaint. He has paid the filing fee. For the reasons discussed below, the amended complaint is ordered served upon Defendant Miley. All other claims are dismissed for failure to state a claim upon which relief may be granted.

## ANALYSIS

**A.　STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

1    statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

2    which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although

3    in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

4    obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and

5    conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

6    Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*

7    *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

8    must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

9        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

10   that a right secured by the Constitution or laws of the United States was violated, and (2) that the

11   alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*,

12   487 U.S. 42, 48 (1988).

13   **B.   LEGAL CLAIMS**

14       Plaintiff was convicted in 2014 for sex offenses against minors and was released in 2019

15   on parole.  He sues his parole officer (Defendant Miley), a clinician in a mental health program

16   contracted by the state (Defendant Acosta), and the private entity that runs that program.

17       His first claim is that Miley and Acosta violated his right to due process.  He alleges that

18   after his release on parole, Miley seized his electronic devices and reported to the Parole Board his

19   use of social media and three emails in his sent folder.  Plaintiff alleges that the sent emails were

20   "spam" that he never sent.  Plaintiff alleges that Acosta reported to the Board that another patient

21   in Plaintiff's therapy group accused Plaintiff of stalking her.  Plaintiff denies the stalking.  It is not

22   clear whether he suffered adverse consequences as a result of Miley and Acosta reporting this

23   information to the Board. (It does not appear that parole has been revoked as he is still out on

24   parole.)  These allegations do not state a cognizable due process claim. The Court is not aware of

25   any authority, and Plaintiff cites none, that due process prohibits a parole officer from reporting

26   the use of social media or emails, or a clinician from reporting an accusation of stalking, to a

27   parole board.

28       Plaintiff's second claim is that Miley sexually harassed him by observing him urinate as

part of plaintiff's mandatory urinalysis tests. He alleges he suffered embarrassment, but no physical injury. He seeks compensatory damages on this claim. His claim for damages must be dismissed because the PLRA prohibits damages for mental or emotional distress in the absence of any physical harm. 42 U.S.C. § 1997e(e).

Plainitff's third claim is that Miley violate his right to access the courts by denying him permission to travel to Contra Costa County probate court to attend a conservatorship hearing and not responding to communications from his attorney. He alleges that he subsequently successfully petitioned the court for authorization to attend the hearing. When liberally construed, this claim is cognizable.

Plainitff's fourth claim is that Miley conspired with Plaintiff's relatives to fraudulently deprive him of his inheritance from his father. Civil fraud is a state-law tort, not a violation of federal law. As such, it is not actionable under Section 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff claims that they committed "wire fraud." While wire fraud is prohibited under federal criminal law, there is no private right of action against another individual for committing wire fraud that is distinct from the state-law tort of fraud. If Defendant committed a federal crime, as Plaintiff alleges, he does not have the authority to prosecute it. That authority resides solely with the law enforcement officials of the federal government. Consequently, Plaintiff may not sue Defendant for committing wire fraud. Plaintiff's fourth claim must be dismissed for failure to state a cognizable claim for relief.

Plaintiff's fifth claim is that the terms of his parole that require drug testing and that prohibit him from using social media are unconstitutional. The claim regarding mandatory drug testing is not cognizable because mandatory drug testing of parolees is constitutional. *See Samson v. California*, 547 U.S. 843, 851 (2006); *United States v. Johnson*, 875 F.3d 1265, 1273 (9th Cir. 2017). That portion of this claim must be dismissed. Plaintiff's claim that prohibiting his use of social media violated his First Amendment rights is, when liberally construed, cognizable.

Plaintiff's sixth claim is that Miley violated his First Amendment right of association by denying him permission to visit his elderly and immobile father in another county. When liberally construed, this claim is cognizable.

      Plaintiff's seventh claim for negligence is based on state tort law.  Plaintiff's eight claim is that Miley was "deliberately indifferent" to parole regulations.  The violation of regulations governing parole for state employees is a violation of state law.  Violations of state law are not actionable under Section 1983, as explained above.  These claims are not cognizable.   This claim is not cognizable.

## CONCLUSION

For the reasons set out above,

1. Plaintiff's fourth claim, part of his fifth claim (described above), and his sixth claim are cognizable when liberally construed.  All other claims are DISMISSED for failure to state a claim upon which relief may be granted.

2. Defendant Parole Agent Kathy A. Miley shall be served at the California Department of Corrections and Rehabilitation Division of Parole Operations in the San Jose field office.

      Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from litigants in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the Amended Complaint, this Order, a CDCR Report of E-Service Waiver form, and a summons.  The clerk also shall serve a copy of this order on the plaintiff.

      No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

      Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has

not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. Defendant **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case:

    a. No later than **63 days** from the date this order is filed, the remaining defendant, including those who have been ordered served above, shall file a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

    c. Defendant **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    e. Along with his motion, defendants shall file proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

5. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or their counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

7. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 4, 2022

_____
JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.