UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL DAVID KAUFMAN,<br><br>    Plaintiff,<br><br>v.<br><br>KATHY MILEY,<br><br>    Defendant. | Case No. 22-cv-05043-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO STRIKE; GRANTING EXTENSION OF TIME**<br><br>Re: Dkt. Nos. 14, 19, 22 |

**INTRODUCTION**

Plaintiff, a California parolee proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983. The operative complaint is the amended complaint. (ECF No. 3.) Certain claims were dismissed in the Order of Service; the remaining claims are against Plaintiff's parole officer, Defendant Kathy Miley. Defendant filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed an opposition, and Defendant filed a reply brief. Plaintiff has also filed an additional opposition (ECF No. 21), which the Court has considered. For the reasons discussed below, the motion to dismiss is GRANTED. The other pending motions are addressed below.

**DISCUSSION**

**A.    Standard of Review**

Failure to state a claim is grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87. A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570; *see, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.*

A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Symington*, 51 F.3d at 1484.

**B.   Discussion**

Plaintiff was convicted in 2014 for sex offenses against minors and was released in 2019

2

on parole in Santa Clara County. Plaintiff's remaining claims are: (1) Defendant violated his right to access the courts by denying him permission to travel to Contra Costa County probate court to attend a conservatorship hearing; (2) Defendant violated his First Amendment rights by prohibiting his use of social media; and (3) Defendant violated his First Amendment rights by denying him permission to visit his father in Contra Costa County.

"The law is well established that judicial officers and prosecutors are entitled to absolute immunity from civil rights suits when they engage in activities intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976). However, it is the nature of the function performed, not the role or identity of the actor, that determines the scope of absolute immunity. *Engebretson v. Mahoney*, 724 F.3d 1034, 1039 (9th Cir. 2013). The determination of whether absolute immunity applies turns on "whether the official is 'performing a duty functionally comparable to the one for which officials were rendered immune at common law.'" *Swift v. Christian*, 384 F.3d 1184, 1190 (9th Cir. (*quoting Miller v. Gammie*, 335 F.3d 889, 897 (9th Cir. 2003)). Parole officers are absolutely immune from suit arising from "the imposition of parole conditions" under a theory of quasi-judicial absolute immunity. *Swift*, 384 F.3d at 1189; *see also Anderson v. Boyd*, 714 F.2d 906, 909 (9th Cir. 1983). "This immunity applies even where parole officers impose allegedly unconstitutional parole conditions." *Chavez v. Robinson*, 12 F.4th 978, 997 (9th Cir. 2021) (internal quotations and citation omitted); *see also Thornton v. Brown*, 757 F.3d 834, 839-40 (9th Cir. 2014).

There is no dispute that the conditions of Plaintiff's parole prohibited him from using social media, attending the court hearing, and visiting his father.[1] As Plaintiff's remaining claims are based upon Defendant's actions in enforcing these parole conditions, Defendant is entitled to immunity on these claims. Consequently, the remaining claims must be dismissed for failure to state a claim upon which relief may be granted.[2]

**C.   Motions**

---

[1] The Court takes judicial notice of the agreement setting forth Plaintiff's parole provisions. (ECF No. 14-2.)
[2] The Court need not reach Plaintiff's alternative argument based upon qualified immunity.

As Plaintiff is proceeding pro se, the Court has considered his supplemental opposition to the motion to dismiss. (ECF No. 21.) His motion for an extension of time to file this supplemental opposition (ECF No. 19) is GRANTED, and Defendant's motion to strike it (ECF No. 22) is DENIED. The supplemental opposition simply requests that the Court delay resolving the motion to dismiss because Plaintiff might retain an attorney to represent him. Plaintiff does not show cause for such a delay, however, because he does not submit a declaration from the attorney (who is also not identified) attesting to the fact that she or he is, as Plaintiff asserts, reviewing the case and considering appearing on Plaintiff's behalf. Should an attorney decide to represent Plaintiff, she or he may file a motion for reconsideration of this order.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED. The motion for an extension of time is GRANTED. The motion to strike is DENIED.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March 20, 2023

JEFFREY S. WHITE
United States District Judge