UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL DAVID KAUFMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>KATHY MILEY,<br><br>    Defendant. | Case No. 22-cv-05043-JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; AMENDING JUDGMENT**<br><br>Re: Dkt. No. 26 |

Plaintiff, a California parolee proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983. The operative complaint is the amended complaint. (ECF No. 3.) Certain claims were dismissed in the Order of Service for failure to state a claim upon which relief may be granted. Defendant Miley's motion to dismiss the remaining claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted was granted. Plaintiff thereafter filed a motion to "vacate" judgment seeking relief under Rules 59(e) and 60(b), and for leave to file a second amended complaint. (ECF No. 26.) Defendant opposed the motion, and Plaintiff replied.

Where, as here, the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b). *McDowell v. Calderon,* 197 F.3d 1253, 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc).

A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly

unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *Id.* at 1255. Plaintiff has presented no "newly discovered evidence" that was not available to him prior to the Court's ruling on his claims. *See Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *McDowell*, 197 F.3d at 1256. Plaintiff has not submitted any authority showing the Court's ruling that Plaintiff's claims were not cognizable under Section 1983 was wrong, much less that it is not debatable that the ruling was wrong. Plaintiff has also not shown any intervening change of law since his claims were dismissed.

Nevertheless, in its review of its rulings, the Court has found that the judgment should be amended with regard to its disposition of the state-law claims. The Court correctly concluded Plaintiff's state-law claims are not cognizable under Section 1983. *DeShaney v. Winnebago County Social Servs. Dep't*, 489 U.S. 189, 201-03 (1989) (Section 1983 does not impose liability for violations of duties of care arising out of state law). This conclusion does not mean the claims are or are not cognizable under state law, which the Court does not address in this case. As all of Plaintiff's federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over his state-law claims. *See* 28 U.S.C. § 1367(c)(3). This does not preclude Plaintiff from pursuing his claims in state court, however, if he has not done so already. The Court's judgment is AMENDED *nunc pro tunc* to reflect that the dismissal of Plaintiff's state law claims is without prejudice to Plaintiff bringing such claims in state court. The Court's judgment is otherwise unchanged.

Plaintiff also argues he is entitled to relief from judgment under Rule 60(b)(1) for "excusable neglect" and under Rule 60(b)(6) for "any other reason justifying relief." Fed. R. Civ. P. 60(b). The "excusable neglect" provision of Rule(b)(1) does not appear to apply here because Plaintiff is not seeking to excuse any form of delay. *Cf. Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (under Rule 60(b)(1), "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of

1  prejudice to the opposing party; (2) the length of the delay and its potential impact on the
2  proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.")
3  (adopting standard to determine excusable neglect as set forth in *Pioneer Inv. Servs. Co. v.*
4  *Brunswick Assocs. Ltd.,* 507 U.S. 380, 395 (1993)).

5        Plaintiff argues he neglected to present any cognizable claims for relief, entitling him to
6  relief under Rule 60(b)(1) and 60(b)(6), because he was proceeding without an attorney and was
7  busy with other litigation.  These are not sufficient grounds for granting Plaintiff relief from
8  judgment.  Plaintiff has not shown he has any cognizable claims for relief under federal law.  He
9  seeks to file a proposed second amended complaint prepared by a lawyer, but that pleading also
10  presents no cognizable federal claims for relief.  It repeats claims that have already been found not
11  be cognizable, and adds two new claims.  One of the new claims is that the condition of his parole
12  restricting his residency location violates his constitutional right to a residence "of his choice."
13  The Court is aware of no authority, nor has Plaintiff cited any, that it is unconstitutional to limit
14  the area in which a parolee resides.  And Defendant would, in any event, be entitled to quasi-
15  judicial immunity from liability for her enforcement of such a parole condition.  *See Thornton v.*
16  *Brown*, 757 F.3d 834, 839–40 (9th Cir. 2013); s*ee also Chavez v. Robinson*, 12 F.4th 978, 997 (9th
17  Cir. 2021).  The other new claim in the second amended complaint is for "extortion," a tort that
18  may be cognizable under state law, but not under Section 1983 because is not based upon the
19  violation of any right under federal law.  Like the other state-law claims, the Court would not
20  exercise supplemental jurisdiction over this claim under 28 U.S.C. § 1367(c)(3).  As Plaintiff has
21  not shown that he has presented any cognizable claims for relief under federal law, nor that he
22  could do so if the case were reopened and he received leave to file a second amended complaint,
23  he is not entitled to relief from judgment under Rule 60(b).
24      //
25      //

For the foregoing reasons, Plaintiff's motion for reconsideration and for leave to file a second amended complaint is GRANTED IN PART to the extent the judgment is amended as described above. The motion is otherwise DENIED.

This order resolves docket number 26.

**IT IS SO ORDERED.**

Dated: March 19, 2024

_____
JEFFREY S. WHITE
United States District Judge